IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ERIC WAGGONER,

        Plaintiff,        Case No. 3:11-cv-143

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Michael J. Newman
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING WAGGONER'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S FINAL NON-DISABILITY DECISION AND TERMINATING THIS CASE**

_____

Eric Waggoner ("Waggoner") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On August 3, 2012, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #13) recommending that the Commissioner's Decision be affirmed. Waggoner subsequently filed Objections (doc. #15) and the Commissioner has responded to Waggoner's Objections (doc. #16). This matter is, therefore, ripe for decision.

Waggoner sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in April of 2006. Waggoner claims that he has been disabled since a once-amended date of March

1

20, 2006, due to bipolar disorder and depression.

The Commissioner denied Waggoner's application initially and on reconsideration. Administrative Law Judge ("ALJ") Thomas McNichols III ("McNichols") held a hearing and supplemental hearing following which he determined that Waggoner is not disabled. The Appeals Council denied Waggoner's request for review and ALJ McNichols' decision became the Commissioner's final decision. Waggoner then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Waggoner's Objections (doc. #15) and the Commissioners Response (doc. #16), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Waggoner is not disabled in accordance with Social Security regulations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated*

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ has applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Waggoner's Objections to the Magistrate Judge's Report and Recommendations (doc. #15) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its entirety. The Commissioner's decision that Waggoner was not disabled and, therefore, not entitled to benefits under the Social Security Act is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Tenth Day of September, 2012.

.                                         **s/Thomas M. Rose**

                                                          _____
                                                          JUDGE THOMAS M. ROSE
                                                          UNITED STATES DISTRICT COURT

Copies furnished to:
        Counsel of Record